1  CATHERINE CORTEZ MASTO
   Attorney General
2  DANIEL SLIMAK
   Deputy Attorney General
3  Nevada Bar No. 10760
   Bureau of Litigation
4  100 No. Carson St.
   Carson City, NV  89701-4717
5  Tel: 775-684-1250

6  *Attorneys for Defendants*
   *Anthony Calderone and Phillip Travis*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL SALAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREGORY COX, et al.<br><br>　　　　Defendants. | Case No. 3:11-cv-00268-ECR-WGC<br><br>**STIPULATED PROTECTIVE ORDER<br>AND PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1.   Any party or non-party may designate as "confidential" (by stamping the relevant page or otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, or confidential inmate information including, but not limited to, pre-sentence investigation reports, victim information, Inspector General investigation reports, Serious Threat Group validation records, and/or medical records, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

/ / /

2. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

3. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by the Defendant(s) (as listed on Appendix A), the party shall notify the opposing party, or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;[1]

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a

---

[1] To-date, no party hereto has designated any consultants or expert witnesses in this matter.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

4. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

5. The Confidential Information may be filed under seal in support of a motion for summary judgment filed contemporaneously with a motion for leave to file the Confidential Information under seal. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

6. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

7. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

/ / /

8. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

9. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11. Given Plaintiff's incarcerated status and the nature of Confidential Information, the parties hereby stipulate and agree that, while certain Confidential Information relevant to Plaintiff's claims may be disclosed to him, he must not possess any document(s) containing such Confidential Information as it may adversely affect the safety and security of the Plaintiff, other inmates, staff and/or the institution.

IT IS SO STIPULATED AND AGREED.

By: ___/S/ Lisa Rasmussen_____     Date: _November 10, 2011_____
LISA RASMUSSEN, ESQ.
Nevada State Bar # 7491
601 S. 10th St., Suite 100
Las Vegas, NV 89101

*Attorney for Plaintiff Russell Salas*

*Signatures follow on last page*

1
2   CATHERINE CORTEZ MASTO
    Attorney General
3
4   By: _____     Date:   November 16, 2011
    DANIEL SLIMAK
5   Deputy Attorney General
    Office of the Attorney General
6   100 N. Carson St.
    Carson City, NV 89701
7
8   *Attorney for Anthony Calderone
    and Phillip Travis*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# EXHIBIT A

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

## **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in _____, Case No. _____. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information- including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information- including copies, notes or other transcriptions made therefrom- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

By: _____        Date:_____

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

**PROTECTIVE ORDER**

Having considered the preceding **STIPULATED PROTECTIVE ORDER,** as agreed to by the parties hereinabove, and good cause having been shown,

IT IS HEREBY ORDERED that the Stipulated Protective Order as set forth hereinabove is granted.

Dated this 23rd day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717