# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUSSELL SALAS, | ) | 3:11-cv-00268-ECR-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER ON MOTION TO SEAL** |
| | ) | **(Doc. # 18)** |
| GREGORY COX, *et al.*, | ) | |
| Defendants. | ) | |

Defendants have filed a Motion for Summary Judgment (Doc. #17) and a Motion for Leave to file certain exhibits under seal (Doc. #18). Defendants seek leave to file Exhibit L, Medical Records, under seal.

Defendants state the records are "confidential in nature" due to certain Nevada Department of Corrections (NDOC) Administrative Regulations. (Doc. #18 at 1.) Defendants state because the records contain "confidential medical information," they must be "protected from the public at large." *Id.* at 2.

Defendants' motion for summary judgment, if granted, would be a dispositive motion. While the court would agree with defendants' comment that "the scope of discovery is within the discretion of the district court" [*id*, citing *U.S. v. Williams*, 791 F.2d 1383 (9th Cir. 1986)], therefore, because of the dispositive nature of the underlying motion, the motion to seal is governed by the "compelling reasons" standards set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th. Cir. 2006).

In *Kamakana*, the Ninth Circuit noted that "historically, courts have recognized a

general right to inspect and copy public records and documents, including judicial records and documents." *Id*. at 1178 (internal quotation marks and citation omitted). Certain documents that have been traditionally kept secret, such as grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).[1]

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provide[s] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). As the Ninth Circuit explained, "[t]he relevant standards for purposes of Rule 26(c) is whether 'good cause' exists to protect th[e] need for confidentiality." *Id*. (internal quotation marks and citation omitted). The good cause standard is not limited to discovery and also applies to nondispositive motions. *Id*. at 678.

On the other hand, a motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, is governed by the higher "compelling reasons" standard. *Pintos*, 650 F.3d at 678. The "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178-79). The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (internal quotation marks and citation omitted).

---

[1] In this regard, the court notes the parties' "Stipulated Protective Order and Protective Order" (Doc. #16) allows a party to file "confidential information under seal" but that "...the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court (p. 3, ¶5). This, of course, is the *Kamakana* standard.

1    The explanation defendants provide, i.e., that "access to [inmate record files] should
2 be on a need to know basis," that "normally inmates will not be provided with copies of
3 documents maintained by the Department," and that "Department records…pertaining to an
4 individual inmate which are not specifically approved for release in the regulation are
5 confidential" (Doc. #18, at 2), does not satisfy the burdens imposed by *Kamakana* and
6 *Pintos*. Although defendants' argument for sealing records outline NDOC policies regarding
7 non-disclosure of medical records, the argument does not explain the rationale behind those
8 policies. This would be necessary for the court to evaluate the propriety of sealing the
9 records. While "prison security" may be "a compelling interest for the court to take into
10 consideration when determining whether certain documents should be discoverable"
11 (Doc. #18 at 2),[2] the defendants do not provide an explanation or rationale of how an
12 inmate's possession of medical records relates to "prison security."[3]

13    Defendants also cite two Nevada statutes for the proposition that medical records
14 "must be protected frm the public at large" (Doc. #18 at 2). However, the statutes cited by
15 defendants [NRS 449.720(2) and NRS 629.061(5)] do not address a situation where in a civil
16 lawsuit a plaintiff puts his medical records at issue, as plaintiff has done herein. Note also
17 that NRS 629.061(5), which pertains to records "made available to a representative or
18 investigator," states the patient named in the records may waive any confidentiality, as
19 plaintiff has implicitly done herein.

20    Therefore, defendants shall have fourteen (14) days from the date of this order within
21 which to submit a supplement to their motion to seal to provide the court with "compelling
22 reasons supported by specific factual findings" which would justify the court's sealing the
23 requested exhibits.

---

[2] The issue is not whether the documents are "discoverable"; instead, the issue is whether the documents should be "sealed."

[3] The court understands from prior matters that NDOC's concern is that if medical records were to be made a public document, there is a possibility third parties would obtain such records and provide them in some fashion to the inmate. However, NDOC needs to explain the nexus between prison security and an inmate's possession of medical records.

3

In the future, counsel for NDOC employees who seek to file exhibits in dispositive motions under seal shall strive to comply with the dictates of *Kamakana* and *Pintos*. In such matters, counsel shall provide the court with "compelling reasons supported by factual findings" that will allow the court to determine the defendants have met their burden of establishing the presumption of public access has been overcome.

**IT IS SO ORDERED.**

Dated: November 23, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE