**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RUSSELL SALAS, | ) | 3:11-cv-00268-ECR-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER GRANTING** |
| | ) | **MOTION TO SEAL (Doc. # 18)** |
| GREGORY COX, *et al.*, | ) | |
| Defendants. | ) | |

Pending before the court is defendants' motion for leave to file an exhibit (Exhibit L, medical and dental records) under seal. (Doc. #18.) Exhibit L accompanies defendants' motion for summary judgment. (Doc. #17.) The court interpreted defendants' motion for summary judgment as being a dispositive motion. (Doc. #22.) Thus, the court stated that in order for the specified documents (Exhibit L) to be filed under seal, the defendants must establish "compelling reasons supported by specific factual findings" which would justify sealing of the records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The defendants were therefore directed to submit a supplement to their motion to seal to provide the court with "compelling reasons" which would justify the court's sealing the requested records. (Doc. #22.)

The defendants thereafter filed their Supplement to Motion for Leave to File Exhibits Under Seal. (Doc. #23.) Therein defendants proffer "compelling reasons" which defendants justify the documents being filed under seal. Those include

– officials have a duty to protect confidential inmate information to prevent harm

1 from occurring inside the prisons. (Doc. #23, pp. 2-3.)

2 – confidential documents should not be disclosed to the public. (pp. 3-7).

3 – the Department of Corrections Administrative Regulations establish that penological interests are reasonably related to a legitimate purpose. (pp. 8-11.) In that regard, the defendants demonstrate a "rational connection between restricting the intra-prison flow of information concerning inmates' medical records and promoting the institutional safety and security of prison." (*id*, at 9.) The defendants contend the inmate may request review of his records and the exhibit(s) filed under seal. (*id*).[1]

The defendants also outline security concerns regarding the impact of allowing one inmate to possess medical records and the "ripple effect" prison wide which would likely occur (*id*, at pp. 10-11). The last factor is the lack of reasonable alternatives to allowing inmate access to medical records versus keeping medical information confidential (*id*, at pp. 10-11).

The court is not entirely convinced that all prison records, such as medical and dental records, must remain sealed. Nevertheless, the court recognizes that courts have found that the need to protect medical privacy qualifies as a "compelling reason." *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL 4715793, at *1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D. HI. June 13, 2010); *Wilkins v. Ahern*, 2010 WL 3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170 at * 1 (D. Ariz. May 4, 2009).

In *Abbey*, the Court found that "[t]he need to protect medical privacy qualifies as a compelling reason" to allow such records to be filed under seal. *Abbey, supra*, at p. 1. In *G. v. Hawaii*, the Court stated the *Kamakana* requirements of compelling reasons must be articulated "to support secrecy." The court found that retaining medical records confidential

---

[1] The explanation the prisoner may view his records upon submission of a "kite" has on one or more occasions been troubling to the court. The court has certain concerns that the prison provides a sufficient "alternative means" to plaintiff." (Doc. #27, p. 10.) For example, in *McCabe v. Gibbons*, 3:09-cv-00244-LRH-WGC, the prisoner contended he was only allowed to view his medical records for half an hour, while standing - shackled - having to ask the prison staff to turn the pages. (*Id*, Transcript of Hearing, Doc. #71.)

2

was justified, citing case authority that "medical records 'have long been recognized as confidential in nature.'" *G. v. Hawaii*, *supra*, at p. 2; citations omitted.

Therefore, in the instant matter, the court believes the defendants have carried their burden under *Kamakana* and, therefore, Exhibit L shall be filed under seal.[2]

**IT IS SO ORDERED.**

DATED: December 9, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel for defendants, however, should be aware that this is not a "blanket order" which will apply to all prisoner §1983 litigation where medical record are sought to be used as an exhibit. The court is of the opinion that under certain limited circumstances, greater prisoner access to medical records may be justified.

3