**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL SALAS, | 3:11-cv-00268-ECR-WGC |
| Plaintiff, | **Order** |
| vs. | |
| GREGORY COX, et al., | |
| Defendants. | |

This action, brought pursuant to 42 U.S.C. § 1983, arises out of allegations that Defendants violated Plaintiff's Eighth Amendment rights by depriving him of food for three consecutive days. Now pending before the Court is Defendant's Motion for Summary Judgment (#17) and the Magistrate Judge's Report and Recommendation (#25). The motion is ripe and we now rule on it.

**I. Background**

At all relevant times, Plaintiff was in custody of the Nevada Department of Corrections ("NDOC"). (Compl. (#4).) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison ("HDSP"). (Id.) Plaintiff alleges that while incarcerated at HDSP, Defendants denied him all of his meals on July 22, 23, and 24, 2010. (Id.) While Plaintiff's allegations are divided into various counts, the court determined on screening that

Plaintiff states a single colorable claim for violation of the Eighth Amendment related to the conditions of confinement. (Screening Order at 4-5 (#3).)

On November 22, 2011, Defendants filed a Motion for Summary Judgment (#17). Plaintiff did not respond. On April 25, 2012, the Magistrate Judge issued a Report and Recommendation (#25) recommending that Defendant's Motion for Summary Judgment (#17) be granted on the basis that Plaintiff cannot establish a constitutional violation because he did not allege, nor did he provide evidence that he suffered harm as a result of the deprivation of meals for three days. Plaintiff did not file an objection to the Magistrate Judge's Report and Recommendation (#25).

## II. Legal Standard

**A. Report and Recommendation Standard**

A district court "may accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then a district court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. Husanu v.

Sec'y of Health & Human Servs., No. 2:11-CV-1191 JCM (VCF), 2012 WL 3060959, at *1 (D. Nev. Jul. 26, 2012); see also Schmidt v. Johnstone, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003). Nevertheless, this Court finds it appropriate, as did the Court in Husanu, to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge.

**B. Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or

3

denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form--namely, depositions, admissions, interrogatory answers, and affidavits--only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

### III. Discussion

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. CONST. amend. VIII. "It is undisputed that the treatment a prison receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinley, 509 U.S. 25, 31 (1993). Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). As the Supreme Court recently stated: "To incarcerate, society takes from prisoners the means to provide for their own needs. Prisoners are dependent on the State for food, clothing, and necessary medical care. A prison's failure to provide sustenance for inmates may actually produce physical torture or lingering death." Brown v. Plata, 131 S.Ct. 1910, 1928 (2011) (internal quotation marks and citations omitted).

Where a prisoner alleges injuries stemming form unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); see also Farmer, 511 U.S. at 834. The deliberate indifference standard involves an

objective and subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834 (citation omitted). A deprivation is "sufficiently serious" when the act or omission results "in the denial of 'the minimal civilized measures of life's necessities.'" Id. (quoting Rhodes, 452 U.S. at 347). Second, the inmate must make the subjective showing that the prison official "kn[ew] of an disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 835.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996); see also Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes). According to the Ninth Circuit, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster, 554 F.3d at 814 (citing Phelps v. Kapnolas, 308 F.3d 180, 182 (2d Cir. 2002)).

> In the same way that an inmate relies on prison officials to provide appropriate medical care, . . . and protection from assaults by other inmates, . . . inmates rely on prison officials to provide them with adequate sustenance on a daily basis. The repeated and unjustified failure to do so amounts to a serious depravation [sic].

Foster, 554 F.3d at 814 (internal citations omitted). "Although food is a basic human need, the Eighth Amendment 'requires only that

6

prisoners receive food that is adequate to maintain health.'" Id. at 813 n.2 (quoting LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993)).

In Foster, the court found that the denial of sixteen meals over twenty-three days was a sufficiently serious deprivation, but the denial of two meals over a nine week period was not. 554 F.3d at 812 n.1. In addition, the plaintiff in Foster alleged that he lost weight and suffered headaches and dizziness as a result of inadequate nutrition, and therefore, the Ninth Circuit drew inferences in favor of the plaintiff that the meals were inadequate to maintain his health. Id. at 813 n.2. As a result, the Ninth Circuit concluded that he had "suffered a cognizable harm under the Eighth Amendment." Id.

Here, Plaintiff alleges that he was denied nine meals over three successive days on July 22, 23, and 24, 2010. (Compl. at 3 (#4).) Defendants argue that Plaintiff cannot establish the meals he missed were an objectively sufficiently serious deprivation because he cannot show that his health was in immediate danger or that he suffered as a result of the lack of food. The Magistrate Judge agreed that because Plaintiff did not allege that he suffered harm, and because Plaintiff did not oppose Defendants' motion and provide the Court with evidence of his injuries, the facts did not give rise to a constitutional deprivation. (Report & Recommendation at 6 (#25).)

While we agree with the Magistrate Judge that the facts on record do not establish a constitutional deprivation, we disagree that Plaintiff's failure to allege harm has any bearing on whether a denial

7

1  of all nine meals over a three-day period gives rise to a
2  Constitutional violation.  We can conclude as a matter of law that no
3  food for three days is inadequate to maintain a person's health, and
4  therefore constitutes a sufficiently serious deprivation resulting in
5  a denial of the "the minimal civilized measures of life's
6  necessities," <u>Rhodes</u>, 452 U.S. at 347, even though Plaintiff has not
7  produced affirmative evidence of an injury.
8       However, we will grant the motion for summary judgment on other
9  grounds, finding that the evidence put forth by Defendants establishes
10 that Plaintiff was not in fact denied sustenance for three consecutive
11 days, as is alleged in the complaint.  Defendants produced unit
12 segregation logs showing that Plaintiff was not deprived a meal on
13 either July 22 or July 23, 2010.  (Mot. Summ. J. (#17) Ex. C at 1-4.)
14 The unit segregation log for July 24, 2010 notes that Plaintiff was
15 sleeping and therefore not provided with breakfast that day, but was
16 left with a sack lunch in its stead.  (<u>Id.</u> Ex. C at 6.)  Thus, the
17 evidence, uncontradicted by Plaintiff, shows that Plaintiff was never
18 deprived of a meal.  Defendants have also provided evidence that
19 Plaintiff purchased a great deal of food from the canteen at HDSP in
20 the days leading up to and following the alleged deprivation.  (<u>Id.</u>
21 Ex. H at 1-8.)  We therefore find that there is no genuine issue of
22 material fact as to whether Plaintiff was deprived of food for three
23 consecutive days, and Plaintiff has completely failed to provide
24 evidence of that essential element of his claim.  Because no
25 reasonable juror could find in Plaintiff's favor, Defendants are
26 entitled to judgment as a matter of law.
27
28                                    8

## IV. Conclusion

We agree with the Magistrate Judge that Defendants are entitled to summary judgment, albeit on different grounds than put forth in the Magistrate Judge's Report and Recommendation (#25). Defendants have put forth evidence that Plaintiff was not deprived of meals, and Plaintiff has not contradicted that evidence.

**IT IS, THEREFORE, HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (#25) is **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (#17) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: August 15, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE