1

2

3

4                     **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**
5

6

7  RUSSELL SALAS,                          )      3:11-cv-00268-ECR-WGC
                                           )
8       Plaintiff,                         )      **Order**
                                           )
9  vs.                                     )
                                           )
10 GREGORY COX, et al.,                     )
                                           )
11      Defendants.                        )
                                           )
12 _____ )

13

14      This action, brought pursuant to 42 U.S.C. § 1983, arises out of

15 allegations that Defendants violated Plaintiff's Eighth Amendment

16 rights by depriving him of food for three consecutive days.  Now

17 pending before the Court is Defendant's Motion for Summary Judgment

18 (#17) and the Magistrate Judge's Report and Recommendation (#25).  The

19 motion is ripe and we now rule on it.

20

21                          **I. Background**

22      At all relevant times, Plaintiff was in custody of the Nevada

23 Department of Corrections ("NDOC").  (Compl. (#4).)  The events giving

24 rise to this action took place while Plaintiff was housed at High

25 Desert State Prison ("HDSP").  (Id.)  Plaintiff alleges that while

26 incarcerated at HDSP, Defendants denied him all of his meals on July

27 22, 23, and 24, 2010.  (Id.)  While Plaintiff's allegations are

28 divided into various counts, the court determined on screening that

1 Plaintiff states a single colorable claim for violation of the Eighth
2 Amendment related to the conditions of confinement.  (Screening Order
3 at 4-5 (#3).)

4    On November 22, 2011, Defendants filed a Motion for Summary
5 Judgment (#17).  Plaintiff did not respond.  On April 25, 2012, the
6 Magistrate Judge issued a Report and Recommendation (#25) recommending
7 that Defendant's Motion for Summary Judgment (#17) be granted on the
8 basis that Plaintiff cannot establish a constitutional violation
9 because he did not allege, nor did he provide evidence that he
10 suffered harm as a result of the deprivation of meals for three days.
11 Plaintiff did not file an objection to the Magistrate Judge's Report
12 and Recommendation (#25).

13

14 **II. Legal Standard**

15 **A. Report and Recommendation Standard**

16    A district court "may accept, reject, or modify, in whole or in
17 party, the findings or recommendations made by the magistrate."  28
18 U.S.C. § 636(b)(1).  Where a party timely objects to a magistrate
19 judge's report and recommendation, then a district court is required
20 to "make a de novo determination of those portions of the [report and
21 recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).
22 Where a party fails to object, however, the court is not required to
23 conduct "any review at all . . . of any issue that is not the subject
24 of an objection."  Thomas v. Arn, 474 U.S. 140, 149 (1985).  Thus, if
25 there is no objection to a magistrate judge's recommendation, then
26 this court may accept the recommendation without review.  Husanu v.

27

28                                    2

1 Sec'y of Health & Human Servs., No. 2:11-CV-1191 JCM (VCF), 2012 WL

2 3060959, at *1 (D. Nev. Jul. 26, 2012); see also Schmidt v. Johnstone,

3 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003).   Nevertheless, this Court

4 finds it appropriate, as did the Court in Husanu, to engage in a de

5 novo review to determine whether to adopt the recommendation of the

6 magistrate judge.

7 **B. Summary Judgment Standard**

8     Summary judgment allows courts to avoid unnecessary trials where

9 no material factual dispute exists.   Nw. Motorcycle Ass'n v. U.S.

10 Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).   The court must

11 view the evidence and the inferences arising therefrom in the light

12 most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194,

13 1197 (9th Cir. 1996), and should award summary judgment where no

14 genuine issues of material fact remain in dispute and the moving party

15 is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c).

16 Judgment as a matter of law is appropriate where there is no legally

17 sufficient evidentiary basis for a reasonable jury to find for the

18 nonmoving party.   FED. R. CIV. P. 50(a).   Where reasonable minds could

19 differ on the material facts at issue, however, summary judgment

20 should not be granted.   Warren v. City of Carlsbad, 58 F.3d 439, 441

21 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

22     The moving party bears the burden of informing the court of the

23 basis for its motion, together with evidence demonstrating the absence

24 of any genuine issue of material fact.   Celotex Corp. v. Catrett, 477

25 U.S. 317, 323 (1986).   Once the moving party has met its burden, the

26 party opposing the motion may not rest upon mere allegations or

27

28                                      3

1 denials in the pleadings, but must set forth specific facts showing
2 that there exists a genuine issue for trial. Anderson v. Liberty
3 Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may
4 submit evidence in an inadmissible form--namely, depositions,
5 admissions, interrogatory answers, and affidavits--only evidence which
6 might be admissible at trial may be considered by a trial court in
7 ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene
8 v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

9     In deciding whether to grant summary judgment, a court must take
10 three necessary steps: (1) it must determine whether a fact is
11 material; (2) it must determine whether there exists a genuine issue
12 for the trier of fact, as determined by the documents submitted to the
13 court; and (3) it must consider that evidence in light of the
14 appropriate standard of proof. Anderson, 477 U.S. at 248. Summary
15 judgment is not proper if material factual issues exist for trial.
16 B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.
17 1999). As to materiality, only disputes over facts that might affect
18 the outcome of the suit under the governing law will properly preclude
19 the entry of summary judgment. Disputes over irrelevant or
20 unnecessary facts should not be considered. Id. Where there is a
21 complete failure of proof on an essential element of the nonmoving
22 party's case, all other facts become immaterial, and the moving party
23 is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323.
24 Summary judgment is not a disfavored procedural shortcut, but rather
25 an integral part of the federal rules as a whole. Id.

26

27

28     4

1                                    **III. Discussion**

2        The Eighth Amendment prohibits the imposition of cruel and

3   unusual punishment. U.S. CONST. amend. VIII.  "It is undisputed that

4   the treatment a prison receives in prison and the conditions under

5   which [the prisoner] is confined are subject to scrutiny under the

6   Eighth Amendment."  Helling v. McKinley, 509 U.S. 25, 31 (1993).

7   Although conditions of confinement may be restrictive and harsh, they

8   may not deprive inmates of "the minimal civilized measures of life's

9   necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Prison

10  officials must provide prisoners with "food, clothing, shelter,

11  sanitation, medical care, and personal safety."  Toussaint v.

12  McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on

13  other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see also

14  Farmer v. Brennan, 511 U.S. 825,832 (1994); Johnson v. Lewis, 217 F.3d

15  726, 731 (9th Cir. 2000).  As the Supreme Court recently stated: "To

16  incarcerate, society takes from prisoners the means to provide for

17  their own needs.  Prisoners are dependent on the State for food,

18  clothing, and necessary medical care.  A prison's failure to provide

19  sustenance for inmates may actually produce physical torture or

20  lingering death."  Brown v. Plata, 131 S.Ct. 1910, 1928 (2011)

21  (internal quotation marks and citations omitted).

22       Where a prisoner alleges injuries stemming form unsafe conditions

23  of confinement, prison officials may be held liable only if they acted

24  with "deliberate indifference to a substantial risk of serious harm."

25  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); see also Farmer,

26  511 U.S. at 834.  The deliberate indifference standard involves an

27

28                                      5

1  objective and subjective component.  First, the alleged deprivation

2  must be, in objective terms, "sufficiently serious."  <u>Farmer</u>, 511 U.S.

3  at 834 (citation omitted).  A deprivation is "sufficiently serious"

4  when the act or omission results "in the denial of 'the minimal

5  civilized measures of life's necessities.'"  <u>Id.</u> (quoting <u>Rhodes</u>, 452

6  U.S. at 347).  Second, the inmate must make the subjective showing

7  that the prison official "kn[ew] of an disregard[ed] an excessive risk

8  to inmate health or safety."  <u>Farmer</u>, 511 U.S. at 837.  Thus, "a

9  prison official may be held liable under the Eighth Amendment for

10 denying humane conditions of confinement only if he knows that inmates

11 face a substantial risk of harm and disregards that risk by failing to

12 take reasonable measures to abate it."  <u>Id.</u> at 835.

13    "Adequate food is a basic human need protected by the Eighth

14 Amendment."  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996); <u>see</u>

15 <u>also</u> <u>Foster v. Runnels</u>, 554 F.3d 807, 812-13 (9th Cir. 2009) (finding

16 the denial of sixteen meals in twenty-three days a sufficiently

17 serious deprivation for Eighth Amendment purposes).  According to the

18 Ninth Circuit, "[t]he sustained deprivation of food can be cruel and

19 unusual punishment when it results in pain without any penological

20 purpose."  <u>Foster</u>, 554 F.3d at 814 (citing <u>Phelps v. Kapnolas</u>, 308

21 F.3d 180, 182 (2d Cir. 2002)).

22      In the same way that an inmate relies on prison officials to
        provide appropriate medical care, . . . and protection from
23      assaults by other inmates, . . . inmates rely on prison
        officials to provide them with adequate sustenance on a
24      daily basis.  The repeated and unjustified failure to do so
        amounts to a serious depravation [sic].
25
<u>Foster</u>, 554 F.3d at 814 (internal citations omitted).  "Although food
26
is a basic human need, the Eighth Amendment 'requires only that
27

28                                    6

1  prisoners receive food that is adequate to maintain health.'" Id. at

2  813 n.2 (quoting LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.

3  1993)).

4      In Foster, the court found that the denial of sixteen meals over

5  twenty-three days was a sufficiently serious deprivation, but the

6  denial of two meals over a nine week period was not.  554 F.3d at 812

7  n.1.  In addition, the plaintiff in Foster alleged that he lost weight

8  and suffered headaches and dizziness as a result of inadequate

9  nutrition, and therefore, the Ninth Circuit drew inferences in favor

10 of the plaintiff that the meals were inadequate to maintain his

11 health.  Id. at 813 n.2.  As a result, the Ninth Circuit concluded

12 that he had "suffered a cognizable harm under the Eighth Amendment."

13 Id.

14     Here, Plaintiff alleges that he was denied nine meals over three

15 successive days on July 22, 23, and 24, 2010.  (Compl. at 3 (#4).)

16 Defendants argue that Plaintiff cannot establish the meals he missed

17 were an objectively sufficiently serious deprivation because he cannot

18 show that his health was in immediate danger or that he suffered as a

19 result of the lack of food.  The Magistrate Judge agreed that because

20 Plaintiff did not allege that he suffered harm, and because Plaintiff

21 did not oppose Defendants' motion and provide the Court with evidence

22 of his injuries, the facts did not give rise to a constitutional

23 deprivation.  (Report & Recommendation at 6 (#25).)

24     While we agree with the Magistrate Judge that the facts on record

25 do not establish a constitutional deprivation, we disagree that

26 Plaintiff's failure to allege harm has any bearing on whether a denial

27

28                                     7

1 of all nine meals over a three-day period gives rise to a
2 Constitutional violation.  We can conclude as a matter of law that no
3 food for three days is inadequate to maintain a person's health, and
4 therefore constitutes a sufficiently serious deprivation resulting in
5 a denial of the "the minimal civilized measures of life's
6 necessities," Rhodes, 452 U.S. at 347, even though Plaintiff has not
7 produced affirmative evidence of an injury.

8      However, we will grant the motion for summary judgment on other
9 grounds, finding that the evidence put forth by Defendants establishes
10 that Plaintiff was not in fact denied sustenance for three consecutive
11 days, as is alleged in the complaint.  Defendants produced unit
12 segregation logs showing that Plaintiff was not deprived a meal on
13 either July 22 or July 23, 2010.  (Mot. Summ. J. (#17) Ex. C at 1-4.)
14 The unit segregation log for July 24, 2010 notes that Plaintiff was
15 sleeping and therefore not provided with breakfast that day, but was
16 left with a sack lunch in its stead.  (Id. Ex. C at 6.)  Thus, the
17 evidence, uncontradicted by Plaintiff, shows that Plaintiff was never
18 deprived of a meal.  Defendants have also provided evidence that
19 Plaintiff purchased a great deal of food from the canteen at HDSP in
20 the days leading up to and following the alleged deprivation.  (Id.
21 Ex. H at 1-8.)  We therefore find that there is no genuine issue of
22 material fact as to whether Plaintiff was deprived of food for three
23 consecutive days, and Plaintiff has completely failed to provide
24 evidence of that essential element of his claim.  Because no
25 reasonable juror could find in Plaintiff's favor, Defendants are
26 entitled to judgment as a matter of law.

27

28                                    8

### IV. Conclusion

We agree with the Magistrate Judge that Defendants are entitled to summary judgment, albeit on different grounds than put forth in the Magistrate Judge's Report and Recommendation (#25).  Defendants have put forth evidence that Plaintiff was not deprived of meals, and Plaintiff has not contradicted that evidence.

**IT IS, THEREFORE, HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (#25) is **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (#17) is **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: August 15, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

9